# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| RODNEY E. MACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14-CV-36-SPM |
| | ) |
| KEDNIS ARCHER, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Rodney E. Mace (registration no. 368222) for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of plaintiff's financial information, the Court will grant the motion and assess an initial partial filing fee of $1.87. In addition, the Court will (1) dismiss plaintiff's 42 U.S.C. § 1981 claims, as well as his Fourteenth Amendment and official-capacity claims under 42 U.S.C. § 1983; and (2) instruct the Clerk to issue process on plaintiff's remaining Eighth Amendment claims against defendants Kednis Archer, Roschell Davis, and Jane Wilkinson in their individual capacities only.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.33, and an average monthly balance of $0.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.87, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."

*Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, an inmate at the Farmington Correctional Center, seeks monetary and prospective injunctive relief in this action brought pursuant to 42 U.S.C. §§ 1983 and 1981. Plaintiff's claims arise out of events that occurred at the Northeast Correctional Center ("NECC") in 2013. Named as defendants are three employees of Corizon, Inc., who worked at NECC: Kednis Archer (a doctor and medical director), Roschell Davis (a medical administrator), and Jane Wilkinson (a director of nursing). Defendants are being sued in both their individual and official capacities.

Plaintiff alleges that he suffers from severe gastrointestinal problems. He states that, while confined at NECC, he was referred to a doctor who performed surgery on September 25, 2013.[1] According to plaintiff, he was to return to see the surgeon two weeks following surgery, but defendants refused to make him an appointment for four-and-a-half-months. Plaintiff states that defendants Archer, Davis, and Wilkinson lied to him when they said that the surgeon had not made any follow-up appointments with plaintiff. Plaintiff further states that, in fact, he ultimately received a letter from the surgeon inquiring as to why he was not coming in for his follow-up appointments.

Plaintiff states that he continued to have problems post-surgery, and on October 31, 2013, he saw "the doctor"[2] to discuss "his gastrointestinal specialist visit for abdominal discomfort." Plaintiff states that the doctor found "a possible gastric outlet obstruction secondary to history of pallimatosis," but rather than send him back "to the specialist who performed [his] surgery for his follow-up appointments as was most certainly recommended by the surgeon," he was admitted to the prison infirmary on November 19, 2013, "for monitoring after

---

[1] Plaintiff does not provide any details as to the name of the surgeon or what type of surgery he had.

[2] Plaintiff does not state the name of "the doctor" who treated him at NECC.

endoscopy procedure with botox injection." It is unclear who performed the endoscopy procedure. Thereafter, plaintiff had a November 21, 2013 "visit with doctor" and it was noted that plaintiff was feeling well and had no problems with swallowing. Plaintiff states that he also saw a doctor on November 25, 2013, at which time plaintiff was noted to have "moderate improvement." Plaintiff states that on December 26, 2013, he had an "esophageal botox injection and upper endoscopy due to a long and complicated history of partial esophagectomy and gastrectomy secondary to papaimatosis."

Plaintiff states that he "most certainly does not agree with" medical staff's assessment that they provided appropriate medical care for him. Plaintiff claims that defendants violated his Eighth Amendment rights, particularly in light of the post-surgery diagnosis of possible gastric outlet obstruction, when they disregarded the proper aftercare instructions and "outright refused to send [him] back to the surgeon who performed plaintiff's surgery for his follow-up appointment(s) in a timely manner as was medically ordered by the surgeon." Plaintiff claims that as a result of defendants' actions, "the muscle in his stomach needs to be bloomed open every three months with botox injections," and that he now "has to actually push his food down and the pain is getting harder to endure with each passing day." He also claims that defendant Archer refuses to provide the proper medication for

6

plaintiff's severe pain. Plaintiff alleges that defendants Archer, Davis, and Wilkinson were at all times aware of his medical condition, knew or should have known that the discontinuation of his medical appointments with his surgeon would subject him to other more serious medical complications, and with wanton, willful, and reckless disregard for his safety "discontinued [his] medical appointments without examining [him] or consulting the physician who performed [his] surgery," in violation of his Eighth and Fourteenth Amendment rights.

## Discussion

**I. Section 1983 Claims**

Plaintiff sues defendants in their individual and official capacities, seeking both monetary and prospective injunctive relief. As previously noted, the named defendants are alleged to be employees of Corizon, Inc. To state a claim against a Corizon employee in his or her official capacity, a plaintiff must allege that a policy or custom of the employer is responsible for the alleged constitutional violation. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all defendants in their official capacities.

The Court finds that plaintiff's § 1983 Eighth Amendment claims for monetary relief are sufficient to proceed at this time against all three Corizon defendants in their individual capacities. Because plaintiff is no longer incarcerated at NECC, however, his claims for prospective injunctive relief will be dismissed. *See Gladson v. Iowa Department of Corrections,* 551 F.3d 825, 835 (8th Cir.2009) (when a prisoner has been transferred to a new correctional facility, his claims for injunctive and declaratory relief are properly denied as moot); *Pratt v. Correctional Corp. of America*, 267 Fed. Appx. 482 (8th Cir.2008); *Smith v. Hundley,* 190 F.3d 852, 855 (8th Cir.1999) (inmate's claims for injunctive relief are moot when he is no longer subject to alleged unlawful actions).

In addition to his Eighth Amendment claims, plaintiff generally asserts that defendants' actions "infringed on [his] right to life and liberty guaranteed by the Fourteenth Amendment." The Court will liberally construe these allegations as attempting to assert Fourteenth Amendment substantive due process claims.

At this point, it is important to note the difference between constitutional claims arising under the Due Process Clause of the Fourteenth Amendment and those arising under a more specific provision of the Constitution, such as the Eighth Amendment. United States Supreme Court precedent suggests that these two types of claims should not be conflated. *See Graham v. Connor*, 490 U.S. 386

8

(1989). In *Graham*, the Supreme Court rejected various lower courts' reliance on substantive due process standards in evaluating an excessive-use-of-force claim, where such claims were covered by explicit provisions in the Constitution, namely the Fourth Amendment. *Id*. at 392-95.[3] Later, in *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court explained that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273 (quoting *Graham*, 490 U.S. at 395); *see also*, *Thaddeus-X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999) (applying analytical framework of First Amendment to plaintiffs' claims they were retaliated against for engaging in the constitutionally-protected activity of accessing the courts; abrogating the Circuit's prior decisions imposing Fourteenth Amendment substantive due process test to prisoners' claims of retaliation in violation of an enumerated constitutional right).

Applying these precepts to the case at bar, the Court concludes it is the Eighth Amendment that must be the exclusive guide for analyzing plaintiff's claims. In other words, it is this particular amendment that provides the explicit

---

[3]More specifically, the Court pointed to the Second Circuit's four-factor substantive due process test in *Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973), *cert. denied*, 414 U.S. 1033 (1973), as an illustration of what should *not* be used when an enumerated constitutional right is available as a source of protection.

textual source of constitutional protection, and therefore, the more generalized notion of Fourteenth Amendment substantive due process should not be used. Because the Eighth Amendment properly covers plaintiff's deliberate indifference claims against defendants, the Court will dismiss his Fourteenth Amendment substantive due process claims.

**II. Section 1981 Claims**

Section "1981 prohibits racial discrimination in 'all phases and incidents' of a contractual relationship." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 468 (8th Cir.2009) (en banc) (quoting *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 302, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994)). Plaintiff's allegations fail to set forth any facts explaining how defendants discriminated against him. Thus, the complaint fails to state a claim or cause of action under § 1981, and the Court will dismiss these claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

**III. Motion for Counsel**

Plaintiff has filed a motion for appointment of counsel [Doc. #4] on the ground that he has made diligent efforts to obtain legal counsel, but because of his poverty, he has been able to do so.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex. Moreover, it is evident that plaintiff is able to present his claims, because the Court has ordered defendants to respond to the compliant. Consequently, the motion shall be denied at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.87 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** without prejudice to refiling at a later time.

**IT IS FURTHER ORDERED** that plaintiff's 42 U.S.C. § 1981 claims are **DISMISSED**, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's 42 U.S.C. § 1983 Fourteenth Amendment claims are **DISMISSED**, without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to plaintiff's 42 U.S.C. § 1983 Eighth Amendment claims against Dr. Kednis Archer, Roschell Davis, and Jane Wilkinson, employees of Corizon, Inc., working at the Northeast Correctional Center, the Clerk shall issue process or cause process to issue on the complaint as to each said defendant in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's 42 U.S.C. § 1983 Eighth Amendment claims against Dr. Kednis Archer, Roschell Davis, and Jane Wilkinson, employees of Corizon, Inc., in their official capacities are **DENIED as moot**.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal of Claims shall accompany this Memorandum and Order.

Dated this 27th Day of May, 2014.

                                        /s/Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE